IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal No. 1:13-cr-00303-001-RDB |
| SHEILA ANDERSON-CLOUDE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION TO DEFENDANT'S MOTION FOR INTERVENTION WITH RESPECT TO HER RESTITUTION OBLIGATION**

The United States of America, through its undersigned counsel, submits this Opposition to Defendant Sheila Anderson-Cloude's ("Defendant") Motion for an order directing a Bureau of Prisons ("BOP") counselor to cease collecting restitution.

**I.   INTRODUCTION**

On July 30, 2014, Defendant was convicted of Conspiracy to Defraud the Government and was sentenced to be imprisoned for a term of fifteen (15) months. Defendant was also ordered to pay restitution in the amount of $546,885.00. Defendant is currently serving her sentence at FCI Alderson in West Virginia. Defendant moves this Court for an order to preclude a BOP counselor from deducting funds from her prison account for payment towards restitution.[1] Defendant alleges that these deductions are improper because her Judgment states that her restitution is not due until she begins her period of supervised release. Defendant's Motion should be denied because she has failed to exhaust administrative remedies.

The Fourth Circuit has held that a motion challenging a defendant's restitution obligation while incarcerated should be construed as a petition for writ of habeas corpus. As a habeas

---

[1] Restitution payments made while within the BOP system are typically made through the Inmate Financial Responsibility Program ("IFRP").

1

petition, Defendant is required to show that she exhausted all administrative remedies before seeking relief in federal district court. Defendant has not exhausted administrative remedies; therefore, her Motion should be denied.

This Opposition also addresses the growing practice of "habeas petition by informal letter." These letter-writing campaigns have become common as defendants have achieved some success in deferring their restitution by writing to chambers. Resolving habeas petitions through letters, however, leads to inconsistent results, and it prejudices the government's ability to thoroughly and consistently respond to the substantive merits of each claim. For all of these reasons, and as further discussed below, Defendant's Motion should be denied.

**II. ARGUMENT**

**A. Defendant's Motion should be construed as a habeas petition.**

The Fourth Circuit has held that a challenge to an inmate's restitution payments should be brought as a petition for writ of habeas corpus under 28 U.S.C. § 2241. See Coleman v. Brooks, 133 Fed. Appx. 51, 52 (4th Cir. 2005) (stating "Coleman's fifth claim, that the BOP is improperly executing his order of restitution, . . . was properly brought as a petition for habeas corpus relief . . . .") Every other circuit that has considered the issue has held the same. See Ridley v. Smith, 179 Fed. Appx. 109, 110-11 (3d. Cir. 2006) (stating, "Ridley's challenge . . . falls squarely within those properly raised in a petition for writ of habeas corpus . . . ."); U.S. v. Diggs, 578 F.3d 318, 319 (5th Cir. 2009) (holding, "[Defendant] is opposing his scheduled payment amount under the [Inmate Financial Responsibility Program]. That program is administered by the BOP, and a challenge to BOP administrative programs must be filed under 28 U.S.C. § 2241 . . . ."); Ihmoud v. Jett, 272 Fed. Appx. 525, 526 (7th Cir. 2008) (stating "[t]he IFRP is a means of executing an inmate's sentence, and thus complaints about the BOP's

2

administration of the program are cognizable under 28 U.S.C. § 2241."); Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002) (stating that challenges to payments made while in prison "concern the execution of sentence, and are therefore correctly framed as § 2241 claims . . . .")

Thus, the Court should construe Defendant's request as a petition for habeas relief pursuant to 28 U.S.C. § 2241. As discussed in the next section, a defendant is required to exhaust administrative remedies prior to seeking habeas relief in federal district court.

### B. Defendant's Motion must be denied because she has failed to exhaust administrative remedies.

According to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. In Booth v. Churner, 532 U.S. 731 (2001), a unanimous Supreme Court held that Congress mandated completion of any prison administrative remedy process capable of addressing the inmate's complaint and providing some form of relief, "irrespective of the forms of relief sought and offered through administrative avenues." Id. at 740 n. 6; see also Porter v. Nussle, 534 U.S. 516, 532 (2002) (stating that PLRA exhaustion requirement applies to "all inmate suits about prison life.") Furthermore, a party is required to complete the entire administrative remedy process, and not just a portion of the process, prior to seeking relief in federal court. Chase v. Peay, 286 F.Supp.2d 523, 530 (D. Md. 2003). These principles have been applied to habeas petitions. See, e.g., Asare v. U.S. Parole Comm'n, 2 F.3d 540, 544 (4th Cir. 1993).

The BOP has established an administrative remedy procedure with respect to inmate complaints, found at 28 C.F.R. § 542.10, et seq. These procedures were adopted, "to allow an inmate to seek formal review of **any issue relating to any aspect** of his/her own confinement." 28 C.F.R. § 542.10(a) (emphasis added). Inmates are to informally present their complaints to

the staff and the staff is to attempt to resolve the matter. 28 C.F.R. § 542.13(a). If the informal resolution is unsuccessful, the inmate is then to execute the appropriate form to bring the matter to the attention of the warden. 28 C.F.R. § 542.14. The warden is then to respond to the inmate's complaint within twenty (20) calendar days. 28 C.F.R. § 542.18. If an inmate is dissatisfied with the Warden's response, he may then appeal to the Regional Director within twenty (20) calendar days. 28 C.F.R. § 542.15(a). If the response of the Regional Director is not satisfactory, the inmate may then appeal to the Central Office of the Federal Bureau of Prisons within thirty (30) calendar days, which office is the final administrative appeal in the Bureau of Prisons ("BOP"). Id. If a remedy is rejected, it is returned to the inmate and the inmate is provided with a written notice explaining the reason for rejection. Once a defendant has exhausted this administrative process, he or she may bring an action in federal district court.

Here, Defendant has skipped the administrative process and appealed directly to the Court. The PLRA, however, requires Defendant to exhaust her administrative remedies. Because Defendant has failed to exhaust administrative remedies, her Motion should be denied and dismissed.

### C. The ongoing practice of "habeas petition through informal letter" has and will continue to lead to inconsistent results.

It may seem easy or expedient to grant a particular defendant's request to defer their restitution when the issue is presented as a simple "misunderstanding" explained in a letter. Indeed, it is now common for defendants to challenge their restitution payments during their period of incarceration by simply sending a letter to chambers. However simplistically the issue is presented, it is not always so clear cut. Involvement in the IFRP is based upon any enforceable judgment. In some cases, the judgment is unclear or silent, or there may be an amendable error in the judgment. Enrollment in IFRP can also be based upon a special

assessment, a fine, or even an unrelated debt like child support. In other cases, a defendant may be asking to alter an established payment schedule. The administrative process helps sort out these issues regardless of how simple the issue is painted in the letter.

Not surprisingly, these letter-writing campaigns have led to inconsistent results. In one case, the Court granted a defendant's request before allowing the government an opportunity to respond, and where restitution was due "in full immediately." In a decision upholding IFRP deductions, the Fourth Circuit quoted the Eighth Circuit, which held "BOP has the discretion to place an inmate in the IFRP when the sentencing court has ordered immediate payment of the court-imposed fine." Coleman, 133 Fed. Appx. at 53 (quoting Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir.2002)). Yet, when a defendant presents these issues to the Court informally through a letter, the government is not always afforded an opportunity to respond, and the relevant issues are not fully briefed.

Instead of considering a letter, the Court should be considering a petition for writ of habeas corpus accompanied by a fully-developed administrative record with briefing by all relevant parties. A thoroughly exhausted habeas petition provides BOP, this office, and this Court an opportunity to thoroughly and consistently evaluate each request.

Additionally, funneling these requests through the administrative process will reduce the amount of judicial resources dedicated to responding to these requests. Our office is aware that many members of this Court have received similar letters in recent months. The multiple layers of appeals available in the BOP process provides for the likelihood that BOP will, ultimately, arrive at the legally correct decision, which will prevent many of these requests from ever reaching the Court.

Thus, for all of the foregoing reasons, the Court should deny and dismiss Defendant's request to defer her restitution payments.

### III. CONCLUSION

WHEREFORE, the United States of America respectfully requests that the Court deny Defendant's Motion.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: _____
Matthew P. Phelps
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800
Matthew.Phelps@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of February, 2015, a copy of this Opposition was filed and served on all counsel of record via the Court's CM/ECF filing system.

_____
Matthew P. Phelps